IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

ROBERT DEUEL,

            Petitioner,

      vs.

BRIAN FISCHER,[1] Commissioner, New York State Department of Correctional Services,

           Respondent.

No. 9:07-cv-00420-JKS

MEMORANDUM DECISION

Petitioner Robert T. Deuel, a state parolee appearing *pro se*, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254 in this Court. Deuel is in the custody of the New York Department of Corrections.[2] Respondent has answered the petition. Deuel has not filed a reply.

## I. BACKGROUND/PRIOR PROCEEDINGS

Deuel was charged by felony complaint with Sexual Abuse in the First Degree (N.Y. Penal Law § 130.65(1)) in the Cayuga County Court. After entering an *Alford*-plea of guilty,[3]

---

[1] Brian Fischer, Commissioner, New York State Department of Correctional Services, is substituted for Susan O'Connell, Superintendent, Oneida Correctional Facility. Fed. R. Civ. P. 25(d).

[2] At the time he filed his petition for relief in this Court, Deuel was incarcerated at the Oneida Correctional Facility. It appears from the record that Deuel has been released from prison on parole.

[3] A plea entered whereby the defendant "voluntarily, knowingly, and understandingly consent[s] to the imposition of a prison sentence even [though] he [is] unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford,* 400 U.S. 25, 37 (1970).

Deuel was convicted of one count of Attempted Sexual Abuse in the First Degree (N.Y. Penal Law §§ 110.00/130.65(1)) on November 12, 2004.  The Cayuga County Court sentenced Deuel to an indeterminate term of imprisonment of one and one-third to four years.  Deuel timely appealed to the Appellate Division, Fourth Department, which summarily affirmed his conviction and sentence without opinion or citation to authority, and the New York Court of Appeals denied leave to appeal on May 16, 2006.[4]

In July 2005 Deuel, appearing *pro se*, filed a motion to vacate his conviction under N.Y. Criminal Procedure Law § 440.10 in the Cayuga County Court.  The County Court denied the motion.  Deuel did not seek leave to appeal that denial.[5]  On January 26, 2006, Deuel filed a second motion to vacate his conviction under § 440.10 in the Cayuga County Court.  The Cayuga County Court denied his motion in a reasoned decision,[6] and the Appellate Division denied leave to appeal on February 26, 2007.[7]  Deuel timely filed his petition for relief in this Court on April 3, 2007.

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Deuel raises two grounds:  (1) that the prosecution breached the plea agreement; and (2) he was misled and coerced into entering the plea, thereby rendering it

---

[4] *People v. Deuel*, 811 N.Y.S.2d 602 (App. Div) (Table), *lv. denied*, 850 N.E.2d 675 (N.Y. 2006) (Table).

[5] Deuel does not raise in his petition to this Court the issue raised in that § 440.10 motion.

[6] Docket No. 7-15.

[7] Docket No. 7-18.

involuntary.  Respondent contends that Deuel's claims are procedurally barred.  Respondent

asserts no other affirmative defense.[8]

### III.  STANDARD OF REVIEW

Because the petition was filed after April 24, 1996, it is governed by the standard of

review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2254.  Consequently, this Court cannot grant relief unless the decision of the state court

"was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States" at the time the state court rendered its

decision or "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding."[9]  The Supreme Court has explained that "clearly

established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the

Supreme Court] as of the time of the relevant state-court decision."[10]  The holding must also be

binding upon the states; that is, the decision must be based upon constitutional grounds, not on

the supervisory power of the Supreme Court over federal courts.[11]  Thus, where holdings of the

Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that

the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[12]  When a claim falls

under the "unreasonable application" prong, a state court's application of Supreme Court

---

[8] *See* Rules—Section 2254 Cases, Rule 5(b).

[9] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[10] *Williams*, 529 U.S. at 412.

[11] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[12] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam).

precedent must be objectively unreasonable, not just incorrect or erroneous.[13]   The Supreme

Court has made clear that the objectively unreasonable standard is a substantially higher

threshold than simply believing the state court determination was incorrect.[14]   In a federal habeas

proceeding, the standard under which this Court must assess the prejudicial impact of

constitutional error in a state-court criminal trial is whether the error had a substantial and

injurious effect or influence in determining the jury's verdict.[15]   Deuel "bears the burden of

proving by a preponderance of the evidence that his constitutional rights have been violated."[16]

      In applying this standard, this Court reviews the last reasoned decision by the state

court.[17]   In addition, the state court's findings of fact are presumed to be correct unless the

petitioner rebuts this presumption by clear and convincing evidence.[18]

## IV.  DISCUSSION

**A.  Procedural Bar**.

      In denying his second § 440.10 motion, in which Deuel raised the issues he raises in his

petition before this Court, the Cayuga County Court held:

---

[13] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[14] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[15] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[16] *Hawkins v. Costello*, 460 F.3d 238, 246 (2d Cir. 2006) (internal quotation marks and citation omitted).

[17] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000).

[18] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

The defendant alleges that the plea was obtained through coercion and that he did not enter his plea freely and voluntarily. The People, in its opposition, include an appellate brief filed in the Fourth Department which is currently pending and wherein the defendant asserts that his sentence was harsh and excessive. The appeal does not address the argument in the instant motion. Furthermore, the defendant previously moved this court to vacate the conviction on the basis that the defendant was not afforded effective assistance of counsel. Said motion was denied by this Court on September 12, 2005.

The Court has reviewed the transcript which does not support a finding that the plea was obtained through coercion. When the defendant does not have a meritorious claim, the Court may dismiss the defendant's motion pursuant to CPL §440.10(3)(c) when he failed to raise the issue on a prior motion. Therefore, defendant's motion must be denied.[19]

Respondent contends that denial of the § 440.10 motion on the basis of § 440.10[3](c) procedurally bars Deuel from raising the issues in a federal habeas proceeding.[20] This Court agrees. Section 440.10[3] provides:

Notwithstanding the provisions of subdivision one, the court may deny a motion to vacate a judgment when . . .

(c) Upon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so.

Although the court may deny the motion under any of the circumstances specified in this subdivision, in the interest of justice and for good cause shown it may in its discretion grant the motion if it is otherwise meritorious and vacate the judgment.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[21] This Court may not reach the merits of procedurally

---

[19] Docket 7-15, p. 3.

[20] Although Deuel raised the issue of ineffective assistance of counsel in his first § 440.10 motion, he raised it in an entirely different factual basis.

[21] *Coleman,* 501 U.S. at 729.

defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims . . . ."[22]  New York Criminal Procedure Law § 440.10[3](c), a default procedural rule established by statute, is an independent and adequate state ground precluding review by this Court.[23]  Thus, because Deuel procedurally defaulted on his claims in the state courts, he is precluded from now asserting those claims in a federal habeas proceeding. As discussed below, even if this Court were to reach the merits of Deuel's claims, he would not prevail.

**B.  Merits**.

Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits, this Court must decide the issues *de novo* on the record before it.[24]  In so doing, because it is not clear that it did not so do, the Court assumes that the state court decided the claim on the merits and the decision rested on federal grounds.[25]  This Court gives the assumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[26]

---

[22] *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

[23] *Murden v. Artuz*, 497 F.3d 178, 193 (2d Cir. 2007), *cert. denied sub nom., Murden v. Ercole*, 128 S. Ct. 1083 (2008) (Mem.).

[24] *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a *de novo* standard to a federal claim not reached by the state court).

[25] *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *see Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-Coleman* interplay); *see also Fama v. Comm'r of Correctional Svcs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same).

[26] *Jimenez*, 458 F.3d at 145-46.

Deuel faces a high hurdle in seeking to overturn a guilty plea on collateral review.  The Supreme Court has held that "[a] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."[27]  Indeed, the Supreme Court has instructed that, with regard to voluntariness, a guilty plea "must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)."[28]

Ground 1:  Breach of Plea Bargain.

Deuel argues that the prosecutor breached his agreement to recommend a sentence of one year in the county jail in exchange for the guilty plea.  Deuel's contention regarding the agreement is belied by the record.  The colloquy between the court and Deuel at the time the guilty plea was entered went:

> THE COURT:         Has anybody promised you or told you what the sentence of this Court would be if you entered a plea of guilty?
> THE DEFENDANT:  There was a recommendation of one year in the County -- in local jail.
> MR. BATES:          Judge, I think the People indicated that they would recommend a sentence of at least one year in Cayuga County Jail.
> THE COURT:          Mr. Budelmann?
> MR. BUDELMANN: That sounds more accurate, Judge.  I think that was what we had said.[29]

Deuel stood mute, neither contesting the exchange nor requesting to confer with his attorney concerning any misunderstanding as to the offer.  Nor does Deuel offer any evidence, other than

---

[27] *Machibroda v. United States*, 368 U.S. 487, 493 (1962).

[28] *Brady v. United States,* 397 U.S. 742, 755 (1970).

[29] Docket 7-1, pp. 9-10.

his own statement, that the bargain was that the prosecution had agreed to recommend a sentence of one year in the county jail.  On these facts, this Court cannot find that the assumed decision of the state courts rejecting Deuel's breach of the plea agreement claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[30]  Deuel is not entitled to relief under his first ground.

Ground 2:  Plea was Involuntary.

 "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"[31]  It is in that light this Court must view Deuel's claim.  Although it is not entirely clear from the petition, Deuel appears to argue that he was coerced into entering the plea by trial counsel's failure to inform him that the trial court was not bound by the prosecutor's recommendation, failure to accurately convey information concerning the plea bargain to him and/or failure to object when the prosecution did not adhere to the bargain.

Under *Strickland,*[32] to demonstrate ineffective assistance of counsel, Deuel must show both that his counsel's performance was deficient and that the deficient performance prejudiced

---

[30] 28 U.S.C. § 2254(d).

[31] *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

[32] *Strickland v. Washington*, 466 U.S. 668 (1984).

his defense.[33] A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[34]  Deuel must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[35]

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold."  *Schriro, supra,* at 473, 127 S.Ct. 1933.  And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.  See *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").[36]

It is through this doubly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d)(1) standard.[37]

At the sentencing hearing, the following colloquy took place between the court, prosecution, defense counsel, and defendant.

> MR. BUDELMANN: Thank you, Judge.
>  Judge, this defendant, although relatively young in age, has started to gather a, a history that is not a good one for this community.

---

[33] *Id.* at 687.

[34] *Id.*

[35] *Woodford v. Visciotti*, 537 U.S. 19, 22-23 (2002);  *Hill,* 474 U.S. at 57.

[36] *Knowles v. Mirzayance*, 556 U.S. ___, 129 S. Ct. 1411, 1420 (2009).

[37] *See id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

He was arrested in 2001 for sexual abuse, ended up pleading to reduced charge involving touching a female while she was asleep.

2001 he also ended up getting convicted of scheme to defraud, did seven months in the County Jail.

2002 he was arrested for statutory rape defense, ended up doing one year in jail on a sexual misconduct conviction.

And this year, of course, the Court's familiar with the fact pattern, he followed a young lady home from a tavern and attacked her just outside of her boyfriend's apartment.  Thankfully the boyfriend intervened and nothing worse happened.

The defendant here has pled to an E felony, attempted sexual abuse in the first degree.  It is his third sexual offense in as many years.  I, I concur with the Probation Department's assessment that they characterize him as a predator type behavior and a menace to this community.

I, I don't know how else to describe someone that does this.  We had committed to recommending at least one year incarceration.

Judge, we had given notice that the victim intended to speak today.  She is here.  She for personal reasons would not like to speak today, but she wanted you to know that she was here.

She would ask for an order of protection as well, Judge.

THE COURT:          Certainly.

Mr. Bates?

MR. BATES:  Judge, I've represented Mr. Deuel on previous charges.

If you would read the personal history of Mr., personal and family history of Mr. Deuel in the probation report, I think that amply sets forth a number of the emotional and psychological problems present here.

Mr. Deuel has an admitted alcohol problem really precipitated by emotional problems he suffered through as a youth.

That's no explanation, that's no justification for what happened here, but I think it should be taken in recognition of the circumstances of this case.

Judge, you're circumscribed by the parameters of the E felony and I would leave sentencing to your discretion.

THE COURT:          Mr. Deuel, the law gives you the right to make any statement you may wish to make.

THE DEFENDANT:  I understand my charges and history is not honorable.

I do have a problem with drugs and alcohol and I've been trying to get help for years.  I've gone to Cayuga Counseling, or sorry, Recovery Counseling a couple months prior to this incident, filled out paperwork and got an evaluation done which was never followed through with because they, the program was -- never contacted me back as to when to start treatment.  I've been trying to seek it for years and I've written letters to the previous judges before, McKeon's in City Court.  I need, I need help.  I don't want to continue.

I've had a -- for years I was a good person.  I had a lot of honorable jobs, had a lot of honorable positions in the community in which may not taking place now but I just feel that, you know, if I -- you know, I can understand incarceration, I definitely can understand it, but I can't understand not getting help when I need it.

I mean, I've gone to counseling for years trying to get help.  I've gone to counseling and brought it up a few times that I have --

THE COURT:        What do you want somebody to do?

THE DEFENDANT:  -- I need treatment.

THE COURT:        Can't just transform you.

THE DEFENDANT:  No. I need treatment, I need further intensive treatment to get involved with and get away from the drug and alcohol problem that I have.  I, I've had this problem, as you can see in one of the letters I sent to you, since 19 and, Your Honor, I'm 25 years old.  Six years later I -- my life has spiraled downhill since, and I understand that my, my charges aren't honorable but --

THE COURT:        Well, I can sympathize with a person who has alcohol problems and I do.  I cannot sympathize with a person who follows a woman on a main street in the City of Auburn and attacks her as she's going home.

There's two, two separate things and to that end, whereas the first one, if that's why you were in front of me, i.e., because you were an alcoholic, I would certainly look to what is best for you.

When you attack a woman at night, as you have propensity to do, I have to look at what is best for the community.

I think sympathy was shown to you at the time of the plea because if you had pled guilty or been convicted of what you did, you would be looking at substantially longer sentence than I can give you under this particular plea.

The law allows me to give a maximum of one-and-a-third to four.

It is the judgment of this Court that you be sentenced to an indeterminate sentence of imprisonment, the maximum of which will be four years, the minimum of which will be one year and four months.

I will advise you you have the right to appeal this judgment.  The clerk will hand you a notification of your right to appeal and the manner which you may perfect that appeal.[38]

As at the time he entered his plea, Deuel stood mute when the prosecutor again stated his recommendation that the sentence imposed be not less than one year.  This Court finds it notable that, despite being given an opportunity to address the court, Deuel neglected to voice any

---

[38] Docket No. 7-3, pp. 3-8.

concerns about or objections to the prosecutor's characterization of the plea agreement nor did he indicate he wanted to withdraw his plea.  This Court also finds notable that, as the Cayuga County Court itself noted, had Deuel been convicted of the initial charge, he would have faced a much higher sentence.[39]

This Court cannot say that the assumed decision of the Cayuga County Court on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[40] Nor, viewing the matter through the doubly-deferential lens of *Mirzayance*, can this Court find that the state court unreasonably applied the correct legal principle to the facts of the Petitioner's case within the scope of *Andrade-Williams-Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable. Deuel has failed to establish that counsel committed any error that was so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment or that his defense was prejudiced, as required by *Strickland-Hill*.  In particular, Deuel has failed to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Deuel is not entitled to relief under his second ground.

---

[39] As a Class D Felony, Deuel faced a sentence of two and one-third to seven years on the Sexual Abuse in the First Degree (N.Y. Penal Law § 130.65(1)) charge.  N.Y. Pen. Law § 70.02[1](c), [2](b).

[40] 28 U.S.C. § 2254(d).

## V.  CONCLUSION AND ORDER

Deuel is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ

of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability.[41]  Any further request for a Certificate of Appealability must be addressed to the

Court of Appeals.[42]

The Clerk of the Court is to enter final judgment accordingly.

Dated: April 23, 2010

         /s/ James K. Singleton, Jr.
         JAMES K. SINGLETON, JR.
         United States District Judge

---

[41] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[42] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.